UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRIAN K. ADKINS, *Pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-80-TRM-HBG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. On June 6, 2016, the Court entered an Order to Show Cause [Doc. 4], directing the Plaintiff to show good cause on or before June 24, 2016, for failure to serve the Defendant in this case. The deadline has passed with no response. For the reasons stated herein, the undersigned will **RECOMMEND** that the District Court dismiss this action without prejudice.

**I.     BACKGROUND**

On February 16, 2016, the Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis [Doc. 1] and filed his Complaint [Doc. 2] contemporaneously. The Court granted [Doc. 3] his motion for leave on February 19, 2016, and instructed the Plaintiff to serve a copy of the Complaint, summons, and the Court's order upon the Defendant or direct the United States Marshal to do same. The Plaintiff, however, appears to have done neither. Consequently, on June 6, 2016, the Court entered an Order to Show Cause [Doc. 4] in regard to the Plaintiff's failure to establish service. The Court instructed the Plaintiff to show good cause on or before June 24, 2016, as to why the undersigned should not recommend to the District Court that this matter be dismissed without

prejudice for failure to prosecute based upon the Plaintiff's failure to perfect service. As of the date of this report and recommendation, the Plaintiff has not responded to the Court's show cause order.

## II. ANALYSIS

When a United States agency, corporation, officer or employee is sued in their official capacity, the plaintiff must serve the United States, as well as send a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer or employee. Fed. R. Civ. P. 4(i)(2). With specific regard to an appeal for disability benefits, the plaintiff must serve the United States Attorney for the district in which the action is brought, the Attorney General of the United States, and the Commissioner of Social Security. See Fed. R. Civ. P. 4(i)(1).

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). . . ." Fed. R. Civ. P. 4(c)(1). Pursuant to Rule 4(m), service must be completed within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff misses the 90 day deadline, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4. However, upon a showing of good cause by the plaintiff, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause "necessitates a demonstration of why service was not made within the time constraints." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 521 (6th Cir. 2006) (quotations omitted). Absent a showing of good cause, Rule 4 compels dismissal.[1] Fed. R. Civ. P. 4(m).

In the instant matter, there is no evidence that the Plaintiff perfected service at any time since the filing of his Complaint on February 16, 2016. The Court placed the Plaintiff on notice on June 6, 2016, that good cause must be shown for failing to establish service or the Court would

---

[1] Notably, courts also have "inherent power" to "dismiss cases *sua sponte* for lack of prosecution" at any stage of the proceedings. Consolidation Coal Co. v. Gooding, 703 F.2d 230, 232 (6th Cir. 1983) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962)).

2

recommend that this action be dismissed without prejudice based upon the Plaintiff's failure to perfect service within the 90-day deadline. To date, the Plaintiff has not shown proof of service or good cause for the failure. Accordingly, the Court will recommend that this matter be dismissed.

### III. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS**[2] that this matter be dismissed without prejudice for failure to prosecute based upon the lack of service in this case.

Respectfully submitted,

_____
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).